UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY ESQ. SR. dba SHEETMETAL & ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | No.  2:20-cv-753-KJM-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

---

[1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Liberally construed, the complaint alleges that in February 2020, plaintiff submitted a claim with his auto insurance company, defendant Allstate Insurance Company, after he discovered damage to his vehicle.  ECF No. 1 at 2.  Although plaintiff reported that the damage was caused by vandalism, the claims agent concluded that the damage was due to a collision, which was not covered under plaintiff's policy.  *Id*.  Plaintiff appears to allege that his insurance claim should have been approved because he had requested his policy be upgraded to "full coverage" in January 2020, one month prior to submitting his claim.  *Id*. at 3.  Plaintiff alleges that he fell ill and required medical attention as a result of the insurance claim being denied.  *Id*. at 2.  The complaint purports to assert claims for negligence and breach of contract, as well as a claim styled as "Injury/Illness."  *Id*.

As a threshold matter, plaintiff's fails to establish subject matter jurisdiction.  He asserts only state law claims but does not allege facts showing that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff alleges that he resides in Pittsburg, California—which suggests he is a Citizen of California—but he does not provide any allegations establishing defendant's citizenship.  *See Bautista*, 828 F.2d at 552 (to establish diversity jurisdiction plaintiff must allege diverse citizenship of all parties).

Aside from the jurisdictional defect, the complaint's allegations are insufficient to state a claim.  Plaintiff's allegations of a breach of contract are inadequate.  To succeed on a breach of contract claim under California law, plaintiff must establish (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages flowing from the breach.  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  This requires plaintiff to plead "the contract either by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal

1   effect." *N. County Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112,

2   1122 (S.D. Cal. 2010) (quoting *Mckell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489

3   (2006)). Thus, "[t]he complaint must identify the specific provision of the contract allegedly

4   breached by the defendant." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)

5   (citation omitted). Although plaintiff claims he had an insurance policy with defendant, he fails

6   to identify the specific provision of the policy that the defendant breached.

7        Plaintiff's negligent claim also fails. "The well-known elements of any negligence cause

8   of action are duty, breach of duty, proximate cause and damages." *Berkley v. Dowds*, 152 Cal.

9   App. 4th 518, 526 (2007). Plaintiff's allegations do not establish defendant owed him a duty of

10  care, much less a breach of a duty. But more significantly, in California "'negligence is not

11  among the theories of recovery generally available against insurers.'" *Tento Int'l, Inc. v. State*

12  *Farm Fire & Cas. Co.*, 222 F.3d 660, 664 (9th Cir. 2000) (quoting *Sanchez v. Lindsey Morden*

13  *Claims Servs., Inc.*, 72 Cal. App. 4th 249, 254 (1999)).

14       Finally, "Injury/Illness" is not a cause of action, and it is not apparent from plaintiff's

15  allegations what specific claim he is attempting to assert. Consequently, this claim must be

16  dismissed.

17       For these reasons plaintiff's complaint must be dismissed for failure to state a claim.

18  Plaintiff is granted leave to amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

19  Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct

20  any deficiency in their complaints). Any amended complaint must allege a cognizable legal

21  theory against a proper defendant and sufficient facts in support of that cognizable legal theory.

22  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

23  forth the allegations against each defendant and shall specify a basis for this court's subject matter

24  jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs,

25  each limited as far as practicable to a single set of circumstances," as required by Federal Rule of

26  Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the

27  left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any

28  amended complaint shall also use clear headings to delineate each claim alleged and against

which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

III. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: August 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE