UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., | Case No. 2:20-cv-00753-KJM-JDP |
| Plaintiff, | SCREENING ORDER |
| v. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |
| | ECF No. 9 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff originally filed this action against Allstate Insurance Company, alleging that defendant had failed to pay benefits in accordance with his insurance policy. That complaint did not establish subject matter jurisdiction and failed to state a claim, but plaintiff was given leave to amend. ECF No. 6. Plaintiff's first amended complaint, ECF No. 9, is before the court for screening under 28 U.S.C. § 1915(e)(2). Plaintiff's first amended complaint also fails to state a claim upon which relief can be granted, and I recommend that it be dismissed without leave to amend.

**Discussion**

A complaint must contain a short and plain statement that plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not require detailed allegations, but legal conclusions will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations do not permit the court to infer more than the mere possibility of misconduct, the complaint states no claim. *Id.* at 679. A court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(ii).

The court construes a pro se litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Plaintiff's first amended complaint is significantly different from his original complaint. As in the original complaint, page one of the first amended complaint identifies Allstate Insurance Company in the caption, but plaintiff's first amended complaint contains no allegations against Allstate Insurance Company. ECF No. 9 at 1. On page four of the first amended complaint, plaintiff identifies this court's Office of the Clerk in another caption. *Id.* at 4. Plaintiff asserts that the court has negligently handled his case. *Id.* at 5. However, clerks are clothed by absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. *Duvall v. City of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Even construing plaintiff's first amended complaint liberally, it fails to state a claim. Plaintiff has already been given leave to amend, and further leave to amend would be futile.

Accordingly, it is hereby recommended that:

1. Plaintiff's complaint be dismissed for failure to state a claim, without leave to amend.
2. The Clerk of Court be directed to close this case.
3. All pending matters, ECF No. 10, be denied as moot.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 14, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3